UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT L. DYKES #201541,

       Plaintiff,

v.                                Case No. 2:17-cv-00209

                                     HON.  PAUL L. MALONEY

THOMAS FINCO, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a "Supplemental Motion for a Preliminary Injunction order" (ECF No. 6).  Plaintiff's complaint alleges that Defendants violated his rights when they denied him access to Ramadan meals during his confinement at the Chippewa Correctional Facility.  Plaintiff is now confined at the Oaks Correctional Facility.  Plaintiff moves for an order requiring Defendants to provide him with religious meals during the May 16, 2018, to June 16, 2018, Ramadan.  Defendants appeared in this case on July 2, 2018.

The issuance of preliminary injunctive relief is committed to the discretion of the district court.  *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987).  In exercising that discretion, the court must consider and balance four factors:

    1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
    2.  Whether the movant has shown irreparable injury.

    3.  Whether the preliminary injunction could harm third parties.

    4.  Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers.  *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert.* *denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action.  *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).  A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the Defendants have violated his federal rights by not providing him with Ramadan meals.  Plaintiff is no longer confined at the Chippewa Correctional Facility.  A transfer to another prison moots a prisoner's request for declaratory or injunctive relief.  *Preiser v. Newkirk*, 422 U.S. 395, 402-03, 95 S. Ct. 2330, 2335 (1975); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Moreover, Ramadan has now ended.

In unreported opinions, the Sixth Circuit has repeatedly held that transfer to another prison facility moots prisoner injunctive and declaratory claims.  *See for example*, *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990

WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989); *see also Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991).  These Sixth Circuit opinions contain only brief explanation of the reasoning supporting this rule.  Underlying the rule is the premise that injunctive relief is appropriate only where a plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct.  *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again.  *For example see Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988).  *See also O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974).  A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally.  *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496. Therefore, Plaintiff's claim for injunctive relief is now moot.  *Preiser*, 422 U.S. at 402-03, 95 S. Ct. at 2335; *Kensu*, 87 F.3d at 175. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction.  Any interference by the federal courts in the administration of state prison matters is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a injunctive relief (ECF No. 6) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 11, 2018