UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ROBERT DYKES-BEY, #201541,<br>    Plaintiff,<br><br>-v-<br><br>THOMAS FINCO, et al.,<br>    Defendants. | No. 2:17-cv-209<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Robert Dykes-Bey, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights lawsuit under § 1983. The controlling pleading is an amended complaint (PageID.167-70) found within a motion to amend (ECF No. 18). Two defendants remain and one has not been served. Defendant McKee filed a motion for summary judgment. (ECF No. 53.) Plaintiff filed a motion to serve Defendant Guglin. (ECF No. 60.)

The magistrate judge issued a report recommending this Court grant Defendant's motion for summary judgment and deny Plaintiff's motion to serve. (ECF No. 63.) Plaintiff filed objections. (ECF No. 64.) After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific

are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

   1. Objection 1. Claims in the Amended Complaint. The magistrate judge concludes Plaintiff only pleads claims under the Eighth Amendment and under the Fourteenth Amendment. Plaintiff objects. Plaintiff insists he also has claim under the First Amendment and RLIUPA for violations of his sincerely held religious beliefs.

   Plaintiff is correct, but it does not make a difference. Plaintiff pleads that Defendants violated his sincerely held religious beliefs, which under the liberal pleading requirements would suggest that he pleads a claim in addition to his Eighth and Fourteenth Amendment claims.[1] However, as will be explained below, the objection does not make a difference to the outcome. To be clear, the Court does not conclude whether the facts alleged support the claim. The Court concludes only that Plaintiff put Defendants on notice that he claimed a violation of his sincerely held religious beliefs.

   2. Objection 2. Eighth Amendment. The magistrate judge concludes the record establishes that Plaintiff was offered meals with sufficient nutrition and concludes, therefore, that his Eighth Amendment claim must be dismissed. The magistrate judge finds that Plaintiff's reasons for not eating the food that was made available to him does not create a

---

[1] The amended complaint contains three sentences which he uses to introduce his three claims. On PageID.168, in the line before numbered paragraph 5, Plaintiff identifies his first claim: "Denial of constitutional right to practice sincere held religious beliefs." In paragraph 6, Plaintiff alleges Guglin "deprived me of the means to practice my sincere held religious beliefs." (*Id.*) In pargraph 7, he alleges Defendant Leach "depriv[ed] me of the means to practice my sincere held religious beliefs." (*Id.*) And, in paragraph 8, Plaintiff alleges Defendant McKee "depriv[ed] me of the means to sincerely practice my religious beliefs." (PageID.169.)

genuine issue of material fact. Plaintiff objects. Plaintiff explains that he could not eat the food that was offered because it would violate his sincerely held religious beliefs.

Plaintiff's objection is overruled. Plaintiff's objection merely restates his response and does not address the reasoning in the Report and Recommendation. Plaintiff has not identified any authority, persuasive or binding, that would tend to support this sort of fusion or hybrid claim.

3. Objections 3 and 4. Fourteenth Amendment and qualified immunity. The magistrate judge concludes (1) Plaintiff's request for a Ramadan meal was not timely and (2) the record contains no evidence that Defendant McKee was personally involved in the decision.[2] Plaintiff objects. He asserts he did submit evidence to create a genuine issue of material fact.

Plaintiff's objections are overruled. The evidence in the record to which Plaintiff points does not address either of the facts identified by the magistrate judge as the reasons to dismiss the Eighth Amendment claim. He was not treated differently than other prisoners who did not timely request Ramadan meals (*i.e.*, all prisoners who did not timely request Ramadan meals were not given Ramadan meals). That some prisoners received Ramadan meals does not help Plaintiff. (PageID.536.) He has not demonstrated that those prisoners' requests were untimely. And, Plaintiff did not automatically have a Ramadan meal request as a member of the MSTA.

---

[2] McKee avers that the request was not timely. (ECF No. 54-4 PageID.431.) Plaintiff avers only that he placed the request in the prison mail providing no other details. (ECF No. 58-1 PageID.487.) McKee's statement that the request was not timely does not show personal involvement. McKee's statement in the affidavit are based on his review of MDOC records. (ECF No. 54-5 PageID.431.)

Plaintiff insists McKee made the relevant decision. (PageID.537.) He is wrong. Plaintiff pled that he submitted his request to Defendant Leach, but never received a response. (Am. Compl. ¶ 7 PageID.168 and ¶ 8 PageID.169.) Plaintiff assumes that McKee should be blamed because the final authority to approve or deny a request lies with McKee. But, Plaintiff has not pled and did not provide any evidence showing that McKee was given or was even aware of Plaintiff's meal request.

This conclusion compels the dismissal of all of Plaintiff's claims against McKee. Because the record contains evidence that McKee was not personally involved with the decision concerning Plaintiff's Ramadan meal request, McKee cannot be held liable for any violation of Plaintiff's sincerely held religious beliefs, Plaintiff's Eighth Amendment claim and his Fourteenth Amendment claim.

4. Objection 5. Defendant Guglin. The magistrate judge concludes this unserved defendant should be dismissed without prejudice. She no longer works for the MDOC, the US Marshal has attempted to serve process four times, and Plaintiff will not be prejudiced by dismissal without prejudice. Plaintiff objects. His objection is overruled. He does not address any of the reasons for dismissal outlined in the Report and Recommendation.

5. Objection 6. Other thoughts. Plaintiff identifies a number of other problems he has with the Report and Recommendation. Objection 6 (all of it) is overruled. Some of the concerns overlap with issues previously addressed. Others do not make a difference to the outcome of the motion.

Accordingly, the Report and Recommendation (ECF No. 63) is **ADOPTED** as the Opinion of this Court. Defendant McKee's motion for summary judgment (ECF No. 53) is

**GRANTED.** Plaintiff's motion to serve Defendant Guglin (ECF No. 60) is **DENIED.** The claims against Defendant Guglin are dismissed without prejudice.

The Court has reviewed the record for the purpose of determining whether any appeal would be taken in good faith. *See Neitze v. Williams*, 490 U.S. 319, 327-30 (1989); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Viewed objectively, Plaintiff has no legal basis for his claim against McKee, who was sued solely because of the duties of his office. Plaintiff has not pled nor provided any evidence that McKee was ever involved in the decisions relevant to his claims. Even if other aspects of the claims might have legal basis, each of the claims would ultimately fail. Thus, any appeal would not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 17, 2020                                        /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge